UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMBAC ASSURANCE CORPORATION,

                              Plaintiff,

-against-

EMC MORTGAGE CORPORATION,

                              Defendant.
------------------------------------------------------------X

**ORDER**

**10-MC-010 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

By Order dated July 8, 2010, the court granted Ambac Assurance Corp.'s ("Ambac") motion to compel American Home Mortgage Investment Corporation ("American Home") to comply with a subpoena duces tecum. (See Order (Docket Entry # 11).) The court principally ordered American Home to permit Ambac to inspect and copy responsive documents that American Home stores at its warehouse in Melville, New York. The court invited the parties to advise the court of any unanticipated problems that they encounter in complying with the order.

By letter dated July 30, 2010, Ambac notified the court that American Home's Melville warehouse presents hazardous conditions to the attorneys who are inspecting the warehoused documents. (See Ambac Ltr. (Docket Entry # 13).) Specifically, Ambac claims that American Home stores its documents in an underground parking and storage area with little light, poor air quality, and scattered debris, which, according to Ambac, may contain asbestos. Ambac suggests that American Home address these conditions by replacing burned-out light bulbs, opening a garage door located near the documents for ventilation, and ascertaining from the building's management whether the building contains asbestos. According to Ambac, American Home has refused to comply with these requests or to otherwise address these conditions.

1

In granting Ambac's motion to compel compliance with its subpoena, the court minimized American Home's burden by ordering Ambac to bear most of the costs arising from executing the subpoena: it ordered Ambac to pay for a security guard to remain on-site during its inspection, to pay its own attorneys to inspect American Home's documents, and to pay for its own photo-copying. (See Order 6-7.) But ordering Ambac to bear these costs did not release American Home of all responsibility in complying with a valid subpoena. American Home must provide Ambac's attorneys with a safe and reasonable working environment.

Accordingly, the court directs American Home to update the court in writing, within seven days, of the measures that it is taking to address the concerns raised in Ambac's letter. If American Home continues to decline implementing Ambac's suggestions or other adequate alternatives, it should explain why.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 2, 2010

NICHOLAS G. GARAUFIS
United States District Judge